UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES E. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.13-cv-2128-EFM-TJJ |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| *a Delaware Corporation*, ) | |
| Defendant. ) | |

## ORDER GRANTING MOTION TO WITHDRAW AND
## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff commenced this case on March 18, 2013, by filing a pro se complaint (ECF No 1). Defendant filed its Answer (ECF No. 5) on July 1, 2013. On September 18, 2013, the Court issued a Scheduling Order (ECF No. 8), which set a pretrial conference for February 10, 2014, and a Notice and Order for Settlement Conference (ECF No. 9), which set a Settlement Conference for December 16, 2013. By Order dated December 9, 2013, (ECF No. 17), the Court continued the Settlement Conference to January 3, 2014. On December 23, 2013, Defendant filed a Motion to Dismiss or, in the alternative, to Compel Plaintiff's Appearance at Deposition and for Attorneys' Fees and Costs (ECF No. 19) because Plaintiff had failed to appear for his deposition.

The Court held a Settlement Conference on January 3, 2014, but the case did not settle. (*See* ECF No. 22.) On February 4, 2014, the Court converted the scheduled pretrial conference to a status conference to discuss a settlement of the case that was then currently in process. (*See* ECF No. 25.) Three days later, James Tippin entered his appearance on behalf of Plaintiff (ECF No. 26). At the status conference held on February 10, 2014, the Court informed the parties that, if the case was not resolved by March 10, 2014, it would enter a show cause order requiring them

to show cause why the case should not be dismissed for lack of prosecution or proceed with a final pretrial conference. (*See* ECF No. 27.) The next day, Plaintiff moved for an extension of time (ECF No. 28) to respond to the motion to dismiss. The Court extended that deadline to March 17, 2014. (*See* ECF No. 31.) On March 10, 2014, the undersigned Magistrate Judge received notice from the parties that the case had settled and that they anticipated filing a Stipulation of Dismissal within ten days

On March 14, 2014, counsel for Plaintiff filed a motion to withdraw (ECF No. 32) (which the Court promptly denied without prejudice on procedural grounds (*see* ECF No. 33)), and then three days later Plaintiff sought a second extension to respond to the motion to dismiss. (*See* ECF No. 34) The Court thereafter extended the deadline to March 28, 2014. (*See* ECF No. 35.) Meanwhile on March 19, 2014, counsel for Plaintiff filed an amended motion to withdraw (ECF No. 36). He explains that, after working towards settling this case, his client has stopped communicating with him since March 10, 2014. (Suggestions Supp. Am. Mot., attached to ECF No. 36.) The time to respond to the motion to dismiss expired March 28, 2014, and the time to respond to the amended motion to withdraw expired April 2, 2014.

Defendant filed a response to the amended motion to withdraw on April 3, 2014. (*See* ECF No. 38.) The response is untimely. *See* D. Kan. Rule 6.1(d)(1) (giving fourteen days to respond). When the Court has not received a timely response, it considers and decides the motion as uncontested, and generally grants the motion without further notice. *See* D. Kan. Rule 7.4(b). The response, moreover, specifically informs the Court that Defendant does not oppose the withdrawal of counsel for Plaintiff. (ECF No. 38 at 1.) It filed the response so as to request the Court to retain jurisdiction over the case even after dismissal so that it may have an opportunity to file a motion to enforce settlement. (*Id.*)

Counsel for Plaintiff has complied with all requirements of D. Kan. Rule 83.5.5(a). Notably, Plaintiff's counsel states that Plaintiff has failed to respond to counsel's multiple attempts to contact Plaintiff. Moreover, Plaintiff's counsel has provided documentation indicating that he mailed letters to Plaintiff advising him of upcoming deadlines, including the March 28, 2014 deadline to respond to the pending motion to dismiss, and of Plaintiff's responsibility to meet the deadlines. The facts here warrant granting the amended motion to withdraw. Although under that rule, "[w]ithdrawal is not effective until the court enters an order authorizing withdrawal," *see* D. Kan. Rule 83.5.5(a), any potential prejudice to Plaintiff for the lack of response to the pending motion to dismiss may be remedied through a proper motion to extend the time to respond to the motion to dismiss. *See* Fed. R. Civ. P. 6(b)(1)(B).

The Court thus GRANTS the Amended Motion for Leave to Withdraw as Legal Counsel for Plaintiff (ECF No. 36). The Clerk of the Court shall terminate him as an attorney in this case through the normal procedure.

Given the recent developments in this case, the Court enters the following orders to control the course of this action:

(1) On or before April 18, 2014, the parties shall show good cause in writing to the Honorable Eric F. Melgren, United States District Judge, why this case should not be dismissed for lack of prosecution or re-set for final pretrial conference.

(2) If Plaintiff desires to oppose Defendant's Motion to Dismiss or, in the alternative, to Compel Plaintiff's Appearance at Deposition and for Attorneys' Fees and Costs (ECF No. 19), he shall file a motion for extension of time on or before April 18, 2014. Additionally, due to the prior extensions to respond to Defendant's motion, the motion for extension of time shall include a copy of the proposed response to

Defendant's motion.  No further or other extension will be granted beyond April 18, 2014.

(3) The parties may avoid these deadlines, if they finalize the settlement that has delayed the progress of this action and file a joint stipulation of dismissal on or before April 18, 2014.  In this event, they shall also submit an appropriate order of dismissal for Judge Melgren's review and signature.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 4th day of April, 2014.

/s Teresa J. James
Honorable Teresa J. James
United States Magistrate Judge