# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES E. WILLIAMS,

    *Plaintiff,*

vs.

BNSF RAILWAY COMPANY,

    *Defendant.*

Case No. 13-2128-EFM/TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' failure to show good cause as to why this action should not be dismissed for lack of prosecution. In addition, it is before the Court on Plaintiff's failure to respond to Defendant's Motion to Dismiss (Doc. 19) and failure to respond to Defendant's Motion to Enforce Settlement (Doc. 40). For the reasons stated below, the Court dismisses the case, pursuant to Federal Rule of Civil Procedure 41(b), for Plaintiff's failure to prosecute or to comply with the rules of procedure and the Court's orders.

### I.     Factual and Procedural Background

On March 18, 2013, Plaintiff James E. Williams filed this lawsuit, proceeding pro se. On December 23, 2013, Defendant BNSF Railway Company ("BNSF" or "Defendant") filed a Motion to Dismiss or, in the Alternative, to Compel Plaintiff's Appearance at Deposition and for

Attorneys' Fees and Costs (Doc. 19) because Plaintiff failed to appear at his scheduled deposition. A settlement conference occurred on January 3, 2014, but the case did not settle.

On February 7, 2014, James Tippin entered his appearance on behalf of Plaintiff. At a status conference, three days later, counsel for the both parties advised the Court that settlement had been reached and that the material terms had been agreed upon by the parties. The Court told the parties that if the case was not resolved by March 10, 2014, it would enter a show cause order requiring them to demonstrate why the case should not be dismissed for lack of prosecution or proceed with a final pretrial conference (Doc. 27). On February 11, 2014, Plaintiff moved for an extension of time to respond to Defendant's pending Motion to Dismiss. In that document, Plaintiff's counsel indicated that the material terms for a settlement had been reached but several issues remained (Doc. 28). Plaintiff's counsel stated that he anticipated that the remaining issues would be clarified shortly. The Court granted Plaintiff's request for an extension of time (Doc. 29).

On February 28, 2014, Plaintiff's counsel filed another motion to extend the time to respond to Defendant's Motion asserting that he anticipated that the draft settlement documents would be finalized shortly (Doc. 30). The Court again granted Plaintiff's request for an extension of time (Doc. 31).

On March 10, 2014, the parties informed Magistrate Judge James that the case had settled and that they anticipated filing a Stipulation of Dismissal within ten days. Four days later, on March 14, 2014, Plaintiff's counsel filed a Motion to Withdraw as Attorney for Plaintiff (Doc. 32). The Court denied this motion without prejudice on procedural grounds (Doc. 33). Plaintiff then sought another extension of time to respond to Defendant's Motion to Dismiss (Doc. 34), which the Court granted and set the deadline of March 28, 2014 (Doc. 35).

Plaintiff's counsel filed an amended Motion to Withdraw as Attorney (Doc. 36). In this document, Plaintiff's counsel states that after working towards settling the case, his client stopped communicating with him. Defendant responded to the amended motion, but the response was untimely. In this response, Defendant did not oppose Plaintiff's counsel's withdrawal, but Defendant requested that the Court retain jurisdiction over the case so that it could file a motion to enforce settlement.

On April 4, 2014, the Court granted the Motion to Withdraw as Attorney, finding that the facts in the case warranted withdrawal (Doc. 39). Noting that the deadline to respond to Defendant's Motion to Dismiss had expired, and to alleviate any potential prejudice to Plaintiff, the Court stated that if Plaintiff opposed the Motion to Dismiss, he must file a motion for extension of time on or before April 18, 2014. The Court also noted that no further extensions would be granted with respect to this motion.

In the same Order granting Plaintiff's counsel's Motion to Withdraw, the Court entered an Order to Show Cause. The Show Cause Order required the parties to show good cause as to why the case should not be dismissed for lack of prosecution or re-set for final pretrial conference. The Court noted that the parties could avoid these deadlines if they finalized the settlement and filed a joint stipulation of dismissal on or before April 18, 2014.

Plaintiff did not file a motion for an extension of time to respond to Defendant's Motion to Dismiss by April 18, 2014. The parties also did not file a joint stipulation of dismissal. Defendant filed, however, a Motion to Enforce Settlement Agreement (Doc. 40). In that motion, Defendant asserts that the Court should enforce the settlement agreement between the parties because all material terms of the settlement agreement had been agreed upon. Plaintiff failed to file a response to Defendant's Motion to Enforce Settlement Agreement. Thus, there are

currently two unopposed motions before this Court: Defendant's Motion to Dismiss or, in the Alternative, to Compel Plaintiff's Appearance at Deposition and for Attorneys' Fees and Costs (Doc. 19) and Defendant's Motion to Enforce Settlement Agreement (Doc. 40). The Court will first address Defendant's Motion to Enforce Settlement Agreement and then the Motion to Dismiss.

## II. Analysis

### A. Motion to Enforce Settlement Agreement (Doc. 40)

On April 18, 2014, Defendant filed a Motion to Enforce Settlement Agreement asserting that the Court should enforce the settlement agreement between the parties because all the material terms had been agreed upon. Defendant claims that it reached this agreement with Plaintiff's counsel and Plaintiff's apparent "change of heart" is an insufficient basis to avoid the contractual settlement agreement. Plaintiff, who now appears pro se, did not respond to Defendant's motion.

Although Plaintiff's counsel previously represented to the Court that the material terms of the settlement agreement had been agreed upon, Plaintiff's counsel ultimately withdrew from representing Plaintiff because Plaintiff refused to execute the settlement agreement. Thus, the Court is left with Plaintiff's counsel's representations that the parties had reached a settlement, and left with the fact that Plaintiff would not sign the apparent settlement agreement. The absence of the settlement agreement signed by Plaintiff himself precludes the Court from finding an enforceable settlement agreement between the parties. Thus, the Court denies Defendant's Motion to Enforce Settlement Agreement.

### B. Motion to Dismiss (Doc. 19)

Defendant filed a Motion to Dismiss on December 23, 2013,[1] asserting that this case should be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.[2] In addition, the Court's April 4, 2014, Show Cause Order required the parties to show good cause by April 18, 2014, as to why the case should not be dismissed for lack of prosecution. The Order also required Plaintiff to respond by that same date to Defendant's Motion to Dismiss. Plaintiff failed to respond both to the Court's Order and Defendant's Motion to Dismiss.

Pursuant to Fed. R. Civ. P. 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."[3] The Court must consider five factors in determining whether dismissal is warranted.[4] These include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[5]

With regard to the first factor, Defendant has suffered prejudice by Plaintiff's failure to prosecute. Defendant attempted to take Plaintiff's deposition in early December—only to have Plaintiff not appear. In addition, Defendant attempted to negotiate a settlement for over two

---

[1] This motion was also in the alternative a motion to compel Plaintiff's appearance at a deposition.

[2] Defendant alternatively requested dismissal as a sanction under Fed. R. Civ. P. 37(d).

[3] *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003).

[4] *Olsen*, 333 F.3d at 1204.

[5] *Id.* (citation omitted).

months after Plaintiff obtained counsel, and Plaintiff's counsel and Defendant believed that an agreement had been reached. But Plaintiff apparently refused to execute the Settlement Agreement. Accordingly, Defendant has been prejudiced by spending time and resources in this case to no avail.

As to the second factor, the way in which Plaintiff has handled this case warrants dismissal. The Court has invested time and resources in attempting to move the case forward and work with Plaintiff with extensions of deadlines—to no avail. The continuing lack of communication and responses by Plaintiff indicate that more time will not enable him to participate and prosecute his case.

The third factor, Plaintiff's culpability, also supports dismissal. Plaintiff failed to show up for a scheduled deposition. Plaintiff failed to file a response to Defendant's Motion to Dismiss. After employing counsel, Plaintiff's counsel attempted to negotiate a settlement agreement on Plaintiff's behalf, and the parties believed that an agreement had been reached. Nevertheless, Plaintiff apparently refused to sign the settlement agreement—leading to Plaintiff's counsel's withdrawal from this case. Finally, Plaintiff did not respond to the Court's Show Cause Order and has now failed to file a response to two motions from Defendant.

As to the fourth factor, it is also satisfied. The Court's Show Cause Order informed the parties that failure to respond to its order could result in dismissal of the case. The Court also required Plaintiff to respond to Defendant's Motion to Dismiss. Plaintiff failed to file anything.[6]

Finally, with regard to the fifth factor, it does not appear that a lesser sanction would be effective. The Court has repeatedly allowed Plaintiff extensions of deadlines. Plaintiff filed this

---

[6] The Court notes that Plaintiff has also failed to file a response to Defendant's Motion to Enforce Settlement. The deadline for his response to that motion expired several weeks ago.

case over a year ago, and the case has made little progress. Accordingly, after considering the five factors, the Court concludes that the factors weigh in favor of dismissal.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, Motion to Compel Plaintiff's Appearance at Deposition and for Attorneys' Fees and Costs (Doc. 19) is **GRANTED**. This case is dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the Court's orders.

**IT IS FURTHER ORDERED** that Defendant's Motion to Enforce Settlement Agreement (Doc. 40) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of May, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE